FRÉD D. THOMPSON, Admr., c. t. a. *vs.* FANNIE E. CLARKE.

FEBRUARY 13, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

308

 

SWEENEY, J. Henry L. Thompson died testate in the city of Providence, May 3, 1922. His will was admitted to probate in the Municipal Court of said city May 16, 1922. No executor was named in said will and Fred D. Thompson was appointed administrator with the will annexed.

June 26, 1923, Fannie E. Clarke, the residuary legatee named in said will, filed a petition in said court praying that the administrator be directed to file a statement setting out the names of the legatees and the amounts to be paid to each of them. The court granted the petition and ordered the administrator to file said statement on or before July 11, 1923. The administrator duly claimed an appeal from said decree to the Superior Court. After a trial of the appeal in the Superior Court each party made a motion for a directed verdict. The trial justice directed a verdict sustaining the decree appealed from. The administrator has brought his appeal to this court by exceptions, on the ground that the trial justice erred in not directing a verdict reversing the decree appealed from.

The administrator alleged several reasons for his appeal from the decree of the Municipal Court, one being that no cause was shown why said court should require him to file said statement.

No cause is alleged by the residuary legatee in her petition to the Municipal Court why the administrator should be required to file said statement. Her attorneys now claim that it is necessary to have a construction of Mr. Thompson's will to determine the number of shares of stock, and the value thereof, given to Henry F. Thompson, a legatee, and also to determine whether Fred D. Thompson is a

legatee and, if so, the amount of his legacy, and whether or not such legacy is void on account of his being a witness to said will.

We are of the opinion that the residuary legatee can not raise these questions under the provisions of Section (5591), General Laws, 1923, which authorizes the probate court to order the executor to file a statement in the office of the clerk of the probate court setting out the names of the legatees and the amounts to be paid and the property to be turned over to them. The next section authorizes the probate court, after hearing on said statement and approval of the same, to enter its order directing the payment and satisfaction of the legacies. Section (5591) is supplementary to the preceding section which authorizes a legatee to sue for his legacy after the required statement has been filed in the probate court.

A court of probate has special and limited jurisdiction and can only exercise it in the manner and to the extent conferred by statute. Prior to the taking effect of the Court and Practice Act, July 17, 1905, probate courts had no jurisdiction to pass upon questions relating to the identity of a legatee, or the construction or the payment or satisfaction of any legacy. See *Williams* v. *Herrick*, 18 R. I. 120; *Municipal Court of Providence* v. *McCulla*, 21 R. I. 273. Express authority to hear and determine such questions is conferred upon probate courts by Section (5593), General Laws, 1923, but only upon petition setting out such questions and after notice by citation to all known parties.

The Municipal Court has not heard and determined the questions relating to the construction of the will of Mr. Thompson which the residuary legatee now claims are necessary to be decided, and notice of such questions has not been given by citation to the interested parties. If the residuary legatee desires to have these questions decided by the Municipal Court she must proceed in accordance with the provisions of Section (5593).

The administrator's exceptions are sustained. The appellee may appear March 2, 1925, at 10 o'clock a. m. and show cause, if any she has, why said case should not be remitted to the Superior Court with direction to enter its decree reversing the decree of the Municipal Court from which the appeal was taken.

*Ernest P. B. Atwood*, for appellant.
*Knauer, Hurley & Fowler*, for appellee.